1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOEL P. WHITNEY,

12              Plaintiff,                    No. CIV S-07-2158 FCD CMK P

13        vs.

14   R.J. SUBIA, et al.,

15              Defendants.                   FINDINGS AND RECOMMENDATIONS

16   _____/

17              Plaintiff is a state prisoner proceeding pro se.  He has filed a document entitled

18   Emergency Ex Parte Motion for Order to Stop Prison Transfer due to Imminent Danger of

19   Illness, Needless Suffering, and/or Death (Doc. 1).  This filing is construed as a civil rights action

20   pursuant to 42 U.S.C. § 1983, and as a request for injunctive relief.

21

22                                  **I.  BACKGROUND**

23              Plaintiff complains about being transferred from Mule Creek State Prison to

24   Avenal State Prison.  He claims such a transfer would likely cause imminent danger of illness,

25   loss of medication, suffering and even the possibility of death.  He contends he will suffer

26   needlessly by being required to endure a long bus trip in shackles to a facility where

                                        1

1  communicable diseases thrive, and he could be without medication for up to three weeks.

2      In a separate filing, plaintiff indicates that he has in fact been transferred to

3  Avenal State Prison, and requests to be transferred back to Mule Creek State Prison.  He then

4  argues his transfer was in retaliation for bringing this case and another he has filed with this

5  court.

6

7                    **II.  DISCUSSION**

8      The court is required to screen complaints brought by prisoners seeking relief

9  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

10  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

11  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

12  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

13  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

14  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

15  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

16  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

17  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

18  which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

19  allege with at least some degree of particularity overt acts by specific defendants which support

20  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

21  impossible for the court to conduct the screening required by law when the allegations are vague

22  and conclusory.

23      **A.  Transfer.**

24      In this case, plaintiff complains about his transfer to another state prison.

25  However, prisoners have no liberty interest in avoiding being transferred to another prison.  <u>See</u>

26  <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 225-27

1  (1976); <u>United States v. Brown</u>, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Inmates have "no

2  justifiable expectation" that they will be incarcerated in any particular prison, and transferring an

3  inmate to another prison does not infringe a protected liberty interest.  <u>Olim</u>, 461 U.S. at 245;

4  <u>Vitek v. Jones</u>, 445 U.S. 480, 489 (1980).  Therefore, plaintiff fails to state a claim for the

5  transfer to another prison.

6         Plaintiff also contends that he was transferred to another prison in retaliation.  He

7  mentions in a letter to the court that he believes he is being transferred to another prison in

8  retaliation for his litigation efforts.  Prisoners retain a First Amendment right to petition the

9  government through the prison grievance process.  <u>See</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th

10  Cir. 1995).  However, in order to state a claim under 42 U.S.C. § 1983 for retaliation, the

11  prisoner must allege that he was retaliated against for exercising a constitutional right, and that

12  the retaliatory action was not related to a legitimate penological purpose, such as preserving

13  institutional security.  <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

14  In meeting this standard, the prisoner must allege a specific link between the alleged retaliation

15  and the exercise of a constitutional right.  <u>See</u> <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir.

16  1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must

17  also allege that his constitutional right was actually chilled by the alleged retaliatory conduct.

18  <u>See</u> <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000).  Thus, the prisoner plaintiff must allege

19  the following in order to state a claim for retaliation: (1) prison officials took adverse action

20  against the inmate; (2) the adverse action was taken because the inmate engaged in protected

21  conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the

22  adverse action did not serve a legitimate penological purpose.  <u>See</u> <u>Rhodes v. Robinson</u>, 408 F.3d

23  559, 568 (9th Cir. 2005).  Petitioner has not met this burden.  His complaint fails to allege that

24  his constitutional rights to litigate his grievance was actually chilled by the retaliation of the

25  defendant or that his transfer to another institution did not serve a legitimate penological purpose.

26  Therefore, plaintiff has failed to state a claim for retaliation.

**B.  Medical Treatment.**

Petitioner contends that his transfer to another prison will interfere with his medical treatment, specifically his ability to receive his necessary medication without delay.  The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with

1    medical care does not generally conflict with competing penological concerns.  <u>See</u> <u>McGuckin</u>,

2    974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

3    decisions concerning medical needs.  <u>See</u> <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir.

4    1989).  The complete denial of medical attention may constitute deliberate indifference.  <u>See</u>

5    <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

6    treatment, or interference with medical treatment, may also constitute deliberate indifference.

7    <u>See</u> <u>Lopez</u>, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

8    demonstrate that the delay led to further injury.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1060.

9         In this case, any possible denial of medical care is contemplative only.  Plaintiff

10    has not alleged any actual injury or any actual denial of medical care.  He fails to state what

11    medication he would be denied for up to three weeks, and what damage that denial would cause.

12    He also fails to state what communicable disease he would be exposed to at Avenal State Prison

13    that he is not exposed to at Mule Creek State Prison, and how defendant's action in exposing him

14    to this disease would be a violation of the Eight Amendment, either objectively or subjectively.

15             **C. Supervisory Liability.**

16         The only defendant plaintiff names is warden R.J. Subia.  Supervisory personnel

17    are generally not liable under § 1983 for the actions of their employees.  <u>See</u> <u>Taylor v. List</u>, 880

18    F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under §

19    1983).  A supervisor is only liable for the constitutional violations of subordinates if the

20    supervisor participated in or directed the violations, or had actual knowledge of the violations

21    and failed to act to prevent them.  <u>See</u> <u>id.</u>   When a defendant holds a supervisory position, the

22    causal link between him and the claimed constitutional violation must be specifically alleged.

23    <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441

24    (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory

25    personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d

26    266, 268 (9th Cir. 1982).

1    　　　　　To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

2    connection or link between the actions of the named defendants and the alleged deprivations.

3    See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4    (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

5    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or

6    omits to perform an act which he is legally required to do that causes the deprivation of which

7    complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

8    conclusory allegations concerning the involvement of official personnel in civil rights violations

9    are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the

10   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

11   constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

12   　　　　　Plaintiff fails to make any allegations of wrongdoing by defendant Subia. In fact,

13   defendant Subia's name is not even mentioned anywhere in his complaint. There is no

14   connection between plaintiff's alleged constitutional violations and defendant Subia.

15   **D.  Injunctive Relief.**

16   　　　　　The legal principles applicable to requests for injunctive relief, such as a

17   temporary restraining order or preliminary injunction, are well established. To prevail, the

18   moving party must show either a likelihood of success on the merits of the underlying

19   controversy and the possibility of irreparable injury, or that serious questions are raised and the

20   balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v.

21   Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762

22   F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale

23   with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762

24   F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate

25   that there exists a significant threat of irreparable injury. See id. In the absence of a significant

26   showing of possible irreparable harm, the court need not reach the issue of likelihood of success

1    on the merits.  See id.  The loss of money, or an injury whose measure of damages can be

2    calculated in terms of money, will not be considered irreparable.  See id. at 1334-35.

3          The standard for a temporary restraining order is essentially the same.  The

4    purpose in issuing a temporary restraining order is to preserve the status quo pending a more

5    complete hearing.  The cases contain limited discussion of the standards for issuing a temporary

6    restraining order due to the fact that very few such orders can be appealed prior to the hearing on

7    a preliminary injunction.  It is apparent however, that requests for temporary restraining orders

8    are governed by the same general standards that govern the issuance of a preliminary injunction.

9    See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

10   J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.

11   1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368

12   (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the

13   balance of hardships because the merits of a controversy are often difficult to ascertain and

14   adjudicate on short notice.

15         Eastern District of California Local Rules impose additional requirements for a

16   motion for a temporary restraining order.  First, the court will consider whether the moving party

17   could have sought relief by a noticed motion for a preliminary injunctive at an earlier date

18   without the necessity of seeking last-minute relief by motion for a temporary restraining order.

19   See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the

20   court in support of the requested temporary restraining order.  See Local Rule 65-231(c).

21         Finally, in cases brought by prisoners involving conditions of confinement, any

22   temporary restraining order or preliminary injunction must be narrowly drawn, extend no further

23   than necessary to correct the harm the court finds requires preliminary relief, and be the least

24   intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

25         In this case, petitioner has not met the required standards for issuance of a

26   temporary restraining order or preliminary injunction.  Plaintiff is not able to show a likelihood

1   of success on the merits of the underlying controversy and the possibility of irreparable injury, or

2   that serious questions are raised and the balance of hardships tips sharply in his favor.  In fact,

3   plaintiff has not even stated a claim in his complaint that would survive screening.  Therefore,

4   there is no basis in which to grant his request for a preliminary injunction.

5

6                               **III.  CONCLUSION**

7          Because it does not appear possible that the deficiencies identified herein can be

8   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

9   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

10          Based on the foregoing, the undersigned recommends that plaintiff's complaint be

11  dismissed for failure to state a claim for which relief could be granted, and that his request for a

12  preliminary injunction be denied.

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendations."  Failure to file objections within the specified time may waive

18  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20    DATED: November 30, 2007

21                                         _____

22                                         **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

                                          8